**NORTEK, INC., Plaintiff-Appellant,**

**v.**

**ALEXANDER GRANT & COMPANY et al., Defendants-Third Party Plaintiffs-Appellees-Appellants,**

**v.**

**SANI DISTRIBUTORS, INC., et al., Third Party Defendants-Appellees.**

No. 75–1030.

United States Court of Appeals, Fifth Circuit.

Aug. 5, 1976.

Bernard R. Pollock, John F. Bomster, Providence, R. I., Paul, Landy & Beiley, Lawrence R. Heller, Miami, Fla., George L. Chimento, Providence, R. I., for plaintiff-appellant.

Robert Orseck, Robert L. Parks, Miami, Fla., Howard L. Kastel, Chicago, Ill., for Alexander Grant & Co.

Morton P. Brown, North Miami, Fla., for Sani Dist. Inc., and others.

ON PETITION FOR REHEARING

(Opinion June 4, 1976, 5 Cir. 1976, 532 F.2d 1013)

Before BROWN, Chief Judge, TUTTLE and GEE, Circuit Judges.

PER CURIAM:

Appellant correctly asserts that the Florida blue-sky law's two-year statute of limitation does not bar its cause of action for gross negligence. This is governed by the Florida fraud statute of limitation, and appellant alleges that its complaint falls within this three-year period. However, the trial court found conclusively that defendant's action did not constitute fraud or gross negligence, a finding with which we agree. We, therefore, put aside all problems of date of discovery and decline to consider further whether the negligence here was so gross as to constitute constructive fraud. *See State Street Trust Co. v. Ernst*, 278 N.Y. 104, 15 N.E.2d 416 (1938). The petition for rehearing is DENIED.