**Myrl E. ETHERIDGE and Billy E. Etheridge, Permanent Administrator of the Estate of Edwin E. Etheridge, Plaintiffs-Appellants,**

v.

**PIPER AIRCRAFT CORPORATION, Defendant-Appellee.**

No. 75–4306.

United States Court of Appeals, Fifth Circuit.

Sept. 23, 1977.

Warren A. Rosser, Eugene R. Kiser, Atlanta, Ga., Virginia B. Garrett, Douglasville, Ga., for plaintiffs-appellants.

Howard E. Barwick, David L. Wills, Miami, Fla., for defendant-appellee.

---

Before AINSWORTH and MORGAN, Circuit Judges, and LYNNE, District Judge.[*]

LEWIS R. MORGAN, Circuit Judge:

The question for decision is whether the district court erred in dismissing appellants' diversity action for failure to satisfy the jurisdictional amount requirement of 28 U.S.C. § 1332. Although dispute exists as to which state's unlawful death law governs the damages available, we nevertheless reverse because, regardless of which law governs, it cannot be said, to a legal certainty, that $10,000 is not recoverable.

The appellants brought suit against appellee for the wrongful death of their son, Edwin Etheridge. Appellants alleged that the decedent and his wife were traveling in an airplane, manufactured by the appellee, when it crashed in Northern Florida, en route to Atlanta. Both decedent and his wife were killed, leaving no children. Appellants brought this diversity action in Federal court, Southern District of Florida, alleging $1,000,000 damages due to the negligent manufacture of the airplane.

After preliminary discovery, appellee moved for dismissal for lack of subject matter jurisdiction. Appellee claimed that, as a matter of law, appellant was unable to recover the $10,000 jurisdictional requirement. After memoranda of law were tendered, the trial court granted appellee's motion from which appellants appealed.

■ For purposes of determining the existence of jurisdiction, plaintiff's complaint is the primary source. The court will first look to the sum demanded by the plaintiff in order to determine the amount in controversy. It may appear that it is unlikely that the plaintiff will be able to recover the amount claimed, but the improbability of recovery is not sufficient basis for the denial of jurisdiction. In the seminal case in this area, the Supreme Court stated "The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really far less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938).

Framed in the language of the authorities, appellee claims that appellants will be unable to recover $10,000 to a legal certainty, because the Florida Wrongful Death Act permits recovery only for certain types of damages. Appellants dispute the applicability of the Florida Act and contend that the Georgia Wrongful Death Act applies. It is unnecessary for us to decide the choice of law problem, because we are satisfied that the amount in controversy is satisfied under both the law of Georgia as well as the law of Florida. *See Bell v. Preferred Life Assurance Society,* 320 U.S. 238, 241, 64 S.Ct. 5, 88 L.Ed. 15 (1943).

If the district court holds that the Georgia Wrongful Death Act, G.S.A. 105–13, is applicable, there appears no dispute that the jurisdictional amount would be satisfied. Section 105–1307 [1] provides that a mother can collect the present value of her child's life undiminished by necessities furnished to the child. Because decedent was only 21 years old and apparently in good health, it would be impossible for us to hold that his future earnings, discounted, would amount to less than $10,000.

Appellee, in contrast, contends the Florida Wrongful Death Act, F.S.A. 768.16, *et seq.* is applicable, and that $10,000 could not be recovered under the provisions of Florida law. Appellants are within the class of survivors able to maintain suit for the

---

[*] Senior District Judge of the Northern District of Alabama, sitting by designation.

**1.** Section 105–1307 G.S.A. Homicide of Child. —A mother, or, if no mother, a father, may recover for the homicide of a child, minor or sui juris, unless said child shall leave a wife, husband or child. The mother or father shall be entitled to recover the full value of the life of such child. In suits by the mother the illegitimacy of the child shall be no bar to a recovery.

death of their son. Section 768.20.[2] Recovery, however, would be premised under two separate provisions of the Act: 768.21(5)[3] (funeral expenses) and 768.21(1)[4] (support and services).

Neither party denies the availability of funeral expenses. Section 768.21(5) provides that those who paid for the funeral may recover the actual expenses. The funeral expenses paid by appellants totaled $3,300, and appear certain. Therefore, approximately $6,700 must be recoverable additionally in order that jurisdiction exist.

 Appellee strenuously resists the availability of the remaining $6,700. The recovery for decedent's life is based upon Section 768.21(1) which provides that each survivor may recover the value of services and support rendered by decedent reduced to present value. Although decedent mowed grass and performed household duties for appellants, appellee contends that these services are not susceptible to recovery because no one has been hired to fulfill those duties. Therefore, appellee argues the absence of those services did not damage the appellants. Under the law of Florida, however, it is not necessary to hire others in order to recover damages for the loss of services. In *Smyer v. Gaines,* Fla. App., 332 So.2d 655 (1976), the court held that the failure of parents to hire outside help to perform routine household chores which had been performed by their dece-

dent child did not preclude recovery. The court stated "just as it is not necessary for the surviving spouse to hire someone to render the services that the decedent previously had performed, it is also unnecessary for any other dependent to have to hire someone to perform those same services as a condition of recovery." 332 So.2d at 660.

Given the Florida authority, the issue becomes whether the services performed by decedent would amount to less than $6,700, to a legal certainty. Although this issue was not adequately argued, we hold that it is not legally certain that the value of services would be less than the $6,700 necessary to support jurisdiction. Although the services were modest, even a modest sum multiplied over the years would exceed $6,700, reduced to present values. Adding the funeral expenses of $3,300 would then satisfy the $10,000 requirement of § 1332.

REVERSED.

---

2. Section 768.20 F.S.A. Parties.

The action shall be brought by the decedent's personal representative, who shall recover for the benefit of the decedent's survivors and estate all damages, as specified in this act, caused by the injury resulting in death. When a personal injury to the decedent results in his death, no action for the personal injury shall survive, and any such action pending at the time of death shall abate. The wrongdoer's personal representative shall be the defendant if the wrongdoer dies before or pending the action. A defense that would bar or reduce a survivor's recovery if he were the plaintiff may be asserted against him, but shall not affect the recovery of any other survivor.

3. Section 768.21(5) F.S.A. provides:

Medical or funeral expenses due to the decedent's injury or death may be recovered by a survivor who has paid them.

4. Section 768.21(1) F.S.A. provides:

Each survivor may recover the value of lost support and services from the date of the decedent's injury to his death, with interest, and future loss of support and services from the date of death and reduced to present value. In evaluating loss of support and services, the survivor's relationship to the decedent, the amount of the decedent's probable net income available for distribution to the particular survivor, and the replacement value of the decedent's services to the survivor may be considered. In computing the duration of future losses, the joint life expectancies of the survivor and the decedent and the period of minority, in the case of healthy minor children, may be considered.