JAMES B. SMITH AND JEAN T. SMITH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Smith v. Commissioner
Docket No. 3952-78.
United States Tax Court
T.C. Memo 1979-51; 1979 Tax Ct. Memo LEXIS 476; 38 T.C.M. (CCH) 213; T.C.M. (RIA) 79051; February 8, 1979, Filed *476 Richard W. Kennedy and Mary Harcar, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of conducting the hearing and ruling on respondent's motion for partial summary judgment and petitioners' motion for summary judgment. [1] After a review of the record, we agree with and adopt his opinion which is set forth below. [2]
*477 OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case is presently before the Court on respondent's motion for partial summary judgment filed on September 18, 1978, pursuant to Rule 121, Tax Court Rules of Practice and Procedure.
Respondent, in a separate individual notice of deficiency issued to each petitioner on January 30, 1978, determined deficiencies in petitioners' Federal income taxes and additions to the tax for the calendar years and in the amounts as follows: James B. Smith
Additions to Tax Year
Deficiencies
Sec. 6653(b), IRC 1954 [3]
1971 $ 621.81
$ 466.00
1972
1,151.64
630.50
1973
1,335.08
774.50
Jean T. Smith
Additions to Tax Year
Deficiencies
Sec. 6653(b), IRC 1954
1971
$ 110.00
$ 99.50
1972
231.00
115.50
1973
120.00
60.00
Respondent in his notices of deficiency determined that petitioners received income from wages during 1971, 1972, and 1973 which was not reported on their Federal income tax returns as follows: Income From Wages *478 Year
James B. Smith
Jean T. Smith
1971
$ 6,502.08
$ 2,316.05
1972
8,265.14
2,688.45
1973
9,411.92
1,872.19
On April 17, 1978, petitioners filed their petition herein. In paragraph four of the petition it is alleged in part that respondent erred in his determination of the deficiencies in income tax and additions to tax for the following reasons: (a) Petitioners were falsely assessed a tax of $ 5,715.53. [4]
(b) Respondent erroneously determined that petitioners were obligated by the Sixteenth Amendment to the U.S. Constitution to pay a tax. (c) The Sixteenth Amendment has not been lawfully presented to the states of the United States nor has it been lawfully certified as having been ratified by three-fourths of the states. Proceeding on to paragraph five of the petition, we are advised of the facts *479 upon which petitioners rely to sustain the allegations of error noted above. They are: (1) Petitioners do not owe the determined taxes since they never received any income in "constitutional dollars." The only income they received was in unredeemable Federal Reserve notes which do not constitute income until redeemed. (2) The Sixteenth Amendment does not apply to individuals but only to corporations. Since petitioners are not a corporation, they are not subject to tax under the Sixteenth Amendment. Respondent seeks partial summary judgment on the issues raised by petitioners in paragraphs 4.b. through 4.d. and 5.b. through 5.d. of their petition. [5]
Petitioners attack the legality of the United States' monetary system in arguing that they never received any "constitutional dollars" which would be subject to Federal income taxation. This Court has rejected out of hand similar contentions on many prior occasions, and we find such argument no more compelling now than before. See Hatfield v. Commissioner,68 T.C. 895, 897 (1977); Sibla v. Commissioner,68 T.C. 422, 430 (1977); *480 Gajewski v. Commissioner,67 T.C. 181 (1976), affd. 578 F.2d 1383 (8th Cir. 1978); Hartman v. Commissioner,65 T.C. 542 (1975); Cupp v. Commissioner,65 T.C. 68 (1975), affd. without opinion 559 F.2d 1207 (3d Cir. 1977). [6] In Hatfield v. Commissioner,supra, on this very point, we had this to say-- * * * The courts have uniformly held that Federal Reserve notes constitute legal tender--"money"--which must be reported on a taxpayer's return in accordance with his method of accounting; and they have uniformly rejected, in a summary fashion, all arguments to the contrary. * * * Congress has been granted the power to determine what shall constitute legal tender. The claim that receipt of gold and silver is the only income that can be lawfully taxed is clearly frivolous. See United States v. Daly,481 F.2d 28 (8th Cir. 1973); United States v. Porth,426 F.2d 519 (10th Cir. 1970), cert. denied 400 U.S. 824 (1970); Hartman v. Switzer,376 F.Supp. 486 (W.D.Pa. 1974). *481 In Gajewski v. Commissioner,supra, at 193, we pointed out that the taxpayers therein were-- * * * [ignoring] the fact that the enactment of the Gold Reserve Act of 1934 marked the abandonment of the gold standard by the United States. That statute [48 Stat. 337, 31 U.S.C. sections 392 and 408(a)] made all paper currency and coins legal tender in payment of obligations and prohibited the private ownership of gold. Petitioners' attack on the Sixteenth Amendment is likewise frivolous. On this precise point in Johnson v. Commissioner,T.C. Memo. 1978-32, we stated-- * * * The constitutionality of the Federal income tax laws passed since the enactment of the Sixteenth Amendment has been upheld judicially on too many occasions for us presently to rethink the underlying validity thereof. See, e.g., Brushaber v. Union Pac. R.R. Co.,240 U.S. 1 (1916); Stanton v. Baltic Mining Co.,240 U.S. 103 (1916); Cupp v. Commissioner,65 T.C. 68 (1975), affd. 559 F.2d 1027 (3d Cir. 1977). Furthermore, the Sixteenth Amendment was enacted in response to the Supreme Court's *482 decision in Pollock v. Farmers' Loan & Trust Co.,157 U.S. 429 (1895), which held unconstitutional the income tax of 1894 as a direct tax without apportionment. The "whole purpose" of the Sixteenth Amendment, as stated by the Supreme Court in Brushaber v. Union Pac. R.R. Co.,supra at 18 was "to relieve all income taxes when imposed from apportionment from a consideration of the source whence the income was derived." Thus, since the ratification of the Sixteenth Amendment it is immaterial, with respect to income taxes, whether the tax is a direct or an indirect tax. [7]
Petitioners' contention that they should be entitled to a jury trial in this Court is also wholly without merit. Swanson v. Commissioner,65 T.C. 1180 (1976); Wilkinson v. Commissioner, 71 T.C.     (Jan. 25, 1979). Finally, petitioners unleash a plethora of other contentions some of which are-- 1. The Commissioner of Internal Revenue is holding an unlawful job exercising unlawful powers and should be jailed *483 as a criminal. 2. The organization of the Internal Revenue should be dismantled until such time as the Sixteenth Amendment has been properly submitted to the states for ratification and until the Sixteenth Amendment has been lawfully certified as having been ratified. 3. Respondent is attempting to entrap petitioners in a default situation because petitioners are not lawyers and not "professionally trained in trickery, decept [sic], and chicanery, and the rules of the court of Star Chamber (U.S. Tax Court)." 4. Petitioners have been singled out and selectively prosecuted by the Internal Revenue Service because they are members of the Church of Jesus Christ of Latter-Day Saints (Mormons) and because of the false belief that members of the Church of the Latter-Day Saints constitute what Federal officials call the "Tax Rebellion Movement." [8]
*484 On the basis of this record, respondent is entitled as a matter of law to a summary adjudication on the legal issues raised by petitioners in paragraphs 4.b. through 4.d. and 5.b. through 5.d. of their petition. Respondent's motion for partial summary judgment will be granted. An appropriate order will be issued.
Footnotes
1. Petitioners' motion was denied at the Motions Session of the Court at Washington, D.C., on November 1, 1978, and an order was issued to that effect. Respondent's motion was taken under advisement. ↩
2. Since this is a pretrial motion for partial summary judgment and there is no genuine issue of material fact, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule. The parties were afforded a full opportunity to present their views on the law at the hearing on November 1, 1978. Respondent appeared by his counsel, but there was no appearance by or on behalf of petitioners. Their position with respect to the matter under consideration is clearly stated in their pleadings filed and in their motion for summary judgment which was denied.
3. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
4. The income tax deficiencies and additions to the tax determined against petitioners in the aggregate amount to $ 5,715.53. We note that respondent has made no assessment against petitioners. The only action taken by respondent, insofar as this record reveals, has been to issue a notice of deficiency to each respective petitioner.↩
5. Those issues are noted hereinbefore in paragraphs (b), (c), (1), and (2).↩
6. See also Mehr v. Commissioner,T.C. Memo. 1979-36↩.
7. See also Roberts v. Commissioner,62 T.C. 834 (1974); Wikoff v. Commissioner,T.C. Memo. 1978-372↩.
8. We have carefully considered all of the petitioners other contentions and find no basis whatsoever for them in this record. They too appear frivolous. In this connection, see Wilkinson v. Commissioner, 71 T.C.     (Jan. 25, 1979); compare Hatfield v. Commissioner,68 T.C. 895, 899-900 (1977); Crowder v. Commissioner,T.C. Memo. 1978-273; Clippinger v. Commissioner,T.C. Memo. 1978-107↩.