## Aaron KINSER

v.

## FORD MOTOR CREDIT COMPANY, Allen Russell Ford, Inc.

Civ. No. 3–79–102.

United States District Court,
E. D. Tennessee, N. D.

April 3, 1979.

William A. Allen, LaFollette, Tenn., for plaintiff.

George F. Legg, Jack W. Bowers, Knoxville, Tenn., for defendants.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

The complaint in this case lists a number of causes of action against defendants based upon various federal and state laws. This Court's jurisdiction over the state law claims is based solely on diversity of citizenship. 28 U.S.C. § 1332. During the pre-trial conference the Court became aware of a serious question as to whether diversity jurisdiction is present here. Since this question goes to the subject matter jurisdiction of this Court, the defendants' admissions in their answers are not controlling. The Court will now address this very important question on its own motion.

Plaintiff, according to his complaint, is a citizen of Tennessee. Defendant, Allen Russell Ford, Inc., is deemed to be a citizen of the State of its incorporation and in the state where it has its principal place of business. 28 U.S.C. § 1332(c). It is alleged and admitted that Allen Russell Ford is incorporated somewhere other than Tennessee, but there is no allegation as to its principal place of business. (The Court can almost take judicial notice of the fact that Allen Russell Ford's principal place of business is in Knoxville, Tennessee.) Thus, the complaint does not establish the requisite diversity of citizenship between the parties.

In addition, the Court seriously doubts that the complaint meets the $10,000.00

amount in controversy requirement for diversity cases. Plaintiff's *actual* losses apparently consist of approximately $1,500.00 equity in the repossessed motor vehicle and approximately $1,500.00 in other property lost by virtue of the repossession. The Court can say to a legal certainty, *see Etheridge v. Piper Aircraft Co.*, 559 F.2d 1027 (5th Cir. 1977), that a plaintiff's compensatory damages are limited to his actual losses, no matter how many legal theories there may be to justify their recovery. Plaintiff's punitive damage claims for the repossession are hardly tenable since defendants obviously had a valid security interest in the vehicle (See Exhibit attached to Complaint) and in light of statutory and judicial authorization of self-help repossession procedures. Tenn.Code Ann. § 47–9–503; *Turner v. Impala Motors*, 503 F.2d 607 (6th Cir. 1974).

Accordingly, this Court finds that 28 U.S.C. § 1332 is not a proper jurisdictional basis in this case and all claims premised on diversity jurisdiction must be dismissed. It is ORDERED that plaintiff's second, third, fourth, fifth, sixth, seventh, and eighth claims for relief be, and the same hereby are, dismissed for lack of subject matter jurisdiction.

Order Accordingly.