**David M. BYRNE, et al., Plaintiffs,**

v.

**GULFSTREAM FIRST BANK & TRUST COMPANY OF BOCA RATON, etc., et al., Defendants.**

**No. 81–8040–CIV–JAG.**

United States District Court,
S. D. Florida, N. D.

Dec. 21, 1981.

---

David M. Bryne and Catherine A. Bryne, pro se.

Lewis M. Petzold, Tylander, DeClaire & Sliney, Boca Raton, Fla., for Gulfstream Bank, N.A.

John Patterson, Livingston, Patterson & Strickland, P.A., Sarasota, Fla., Stephen G. Birr, Birr, Bryant & Saier, P.A., Fort Lauderdale, Fla., for Michael J. Bove, Jr., and Michael J. Bove, III.

## ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the Court for review upon the Motions to Dismiss filed by the defendant, Gulfstream Bank, and the defendants, Michael J. Bove, Jr. and Michael J. Bove, III respectively.

On April 28, 1981 this court dismissed the federal claim contained in Count I of the complaint for failure to plead facts which would toll the statute of limitations. Plaintiffs were granted leave to amend. Plaintiffs filed their amended complaint on May 28, 1981.

Defendants' motions to dismiss are again primarily directed to the statute of limitations issue.

Plaintiffs' Amended Complaint consists of 6 Counts: Count I [Violation of Section 10(b) and Rule 10b–5 of the 1934 Securities and Exchange Act, 15 U.S.C. § 78j(b) & 17 C.F.R. § 240.10b–5]; Count II [Fraudulent Concealment]; Count III [Conspiracy in violation of Section 10(b) and Rule 10b–5 thereunder]; Count IV [Tortious Conversion]; Count V [Tortious Interference with the subordination agreement]; Count VI [Tortious Interference with the loan contract].

Counts I and III (the federal counts) must be viable before the remaining claims may be considered in the federal forum.

The statute of limitations to be borrowed for violations of Section 10(b) and Rule 10b–5 is Fla.Stat. § 95.11(4)(e),[1] which pertains to limitation of actions applicable

---

1. The other candidate proffered by plaintiffs as the applicable limitations period is Fla.Stat. § 95.11(3)(j) which carries a four year term for legal or equitable actions founded on fraud. The better rule of statutory construction is that the more specific rule [95.11(4)(e)] governs the general [95.11(3)(j)]. The Fifth Circuit has adopted this rule of construction in the opinions cited in the text. *Cf. Cutliff v. Greyhound Lines, Inc.*, 558 F.2d 803 (5th Cir. 1977) (selecting the more specific limitations period in Title VII cases over the more general provision regarding actions founded on a statutory liability where both sections were arguably applicable.

to suits founded under Fla.Stat. § 517.301,[2] the State counterpart to federal section 10(b) and Rule 10b–5 causes of action.

The Fifth Circuit's most recent pronouncement on this issue was in 1976 in *Nortek, Inc. v. Alexander Grant & Co.*, 532 F.2d 1013 (5th Cir. 1976), *rehearing denied per curiam*, 536 F.2d 624 (5th Cir. 1976) (selecting the Fraud limitations period for the gross negligence claim, but not challenging the two year limitation period previously selected for the federal securities claim).[3] The court in that case applied the two year limitations period applicable under the Florida Blue Sky Laws to an action before it under Section 17 of the 1933 Securities Act.

In citing, *Hudak v. Economic Research Analysis, Inc.*, 499 F.2d 966 (5th Cir. 1974), the *Nortek* court stated that it, "must apply the forum state's limitations period applicable to that state cause of action which bears the closest resemblance to the SEC section sued under." The *Hudak* decision, cited and reaffirmed by *Nortek*, involved the same SEC section before this Court, to wit, Section 10(b). The *Hudak* court selected then Fla.Stat. § 517.301(1) [Florida's Section 10(b) provision] as the most closely analogous state cause of action in applying the two year limitations then to be found at Fla.Stat. § 517.21. Fla.Stat. § 517.21 was repealed in November, 1978 but replaced by Fla.Stat. § 95.11(4)(e),[4] which we here apply.

The four dates alleged in the amended complaint are: August, 1969; February 26, 1971; February 6, 1978; and December, 1979.

In August, 1969 the transaction between the Bank and Bove, Jr. occurred in the presence of the plaintiff. It was at this time that plaintiff alleges the fraudulent arrangement was initiated. (See ¶s 78–88, 92 in the Amended Complaint.)

On February 26, 1971, the Bank transferred the subject securities allegedly belonging to the plaintiff to the defendant pursuant to the August, 1969 agreement, thereby terminating the Bank's power to redeliver the same to the plaintiff. (See ¶s 97, 104, 105, 107 & 108 of the Amended Complaint.)

It was on this date that the cause of action for Section 10(b) and Rule 10b–5 violations arose.

The third date cited by plaintiff in the amended complaint is February 6, 1978 when the Bank submitted the liability ledger of the defendant, Bove, Jr., to the plaintiff at a pretrial conference involving earlier litigation. (See ¶s 106, 140 & 143, the latter two paragraphs appearing in Count III of the Amended Complaint.) The liability ledger disclosed the existence of the cause of action at issue, hence, plaintiff alleges that February 6, 1978 was the earliest date that plaintiffs could have discovered the facts giving rise to this action. (See ¶ 134 of the Amended Complaint.)

---

**2.** Fla.Stat. § 517.301(1) states:

It is unlawful, and a violation of the provisions of this part, for any person:
(1) In connection with the offer, sale, or purchase of any security, including any security exempted under the provisions of s. 517.051 and including any security sold in any transaction exempted under the provisions of s. 517.061, directly or indirectly:
(a) To employ any device, scheme, or artifice to defraud;
(b) To obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or
(c) To engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**3.** The Fifth Circuit's most recent pronouncement of this issue affecting the Florida limitations law appears in *Vigman v. Community Nat'l. Bank & Trust Co.*, 635 F.2d 455, 460 (5th Cir. 1981). The *Vigman* court refused to choose between the two Florida statutes of limitation (Fraud and Blue Sky), since the action was time barred under both.

**4.** Fla.Stat. § 95.11(4)(e) states that:

Within two years.—
An action founded upon a violation of any provision of Part I of chapter 517, with the period running from the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence, but not more than 5 years from the date such violation occurred.

The fourth date, December, 1979, is alleged to be the date on which plaintiffs actually discovered the conversion, sale and fraud of the subject securities upon examination of the liability ledger. (See ¶s 105 & 108 of the Amended Complaint.)

Fla.Stat. § 95.11(4)(e) requires a two prong test to be met.

First, the law suit must be commenced within two years "from the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence."

The amended complaint admits that February 6, *1978* was the earliest date that the plaintiffs could have discovered the factual predicate for their law suit. Suit herein was filed on February 5, 1981—more than two years later.

Giving plaintiffs the benefit of every doubt by applying the December, 1979 date would still not serve to satisfy the second prong of the test which requires that actions of this type be instituted "not more than five years from the date such violation occurred." It is clear from the amended complaint that February 26, 1971 was the date upon which the subject violation *occurred*, that is, approximately ten years before this action was commenced.

Plaintiffs having failed to bring this action within the time prescribed by statute, Counts I and III must be dismissed.

The federal claims being dismissed, the pendent state claims must likewise be dismissed.

Based on the foregoing, it is

ORDERED AND ADJUDGED that Counts I and III of the Amended Complaint be, and the same are hereby DISMISSED with prejudice. It is further ORDERED AND ADJUDGED that the remaining pendent state claims be dismissed for lack of jurisdiction.