Harry SCHOCH, et al., Plaintiffs,

v.

DADE CITY RETIREMENT HOUSING, INC., et al., Defendants.

No. 87–388–Civ–T–10(B).

United States District Court,
M.D. Florida,
Tampa Division.

Nov. 8, 1988.

---

Richard H. Adams, Jr., Robert W. Anthony, Smathers, Pleus, Adams, Fassett & Divine P.A., Orlando, Fla., and Michael C. Addison, Addison, Ketchey & Horan, Tampa, Fla., for plaintiffs.

Donna Sumner Cox, Dayton, Sumner, Luckie & McKnight, Dade City, Fla., Edward O. Savitz, Bush, Ross, Gardner, Warren & Rudy, Tampa, Fla., Robert M. Garfinkle, Nashville, Tenn., Glenn Waddell, Auburndale, Fla., Thomas J. Guilday, Huey, Guilday, Kuersteiner & Tucker, P.A., Tallahassee, Fla., Gregory A. Presnell, Orlando, Fla., Tommy E. Furby, Low & Furby, Jackson, Miss., J.B. Donnelly, Haas, Boehm, Brown, Rigdon, Seacrest & Fischer, P.A., Tampa, Fla., Raymond A. Haas, Haas, Boehm, Brown, Rigdon, Seacrest & Fischer, P.A., Orlando, Fla., Thomas S. Richey, William G. Leonard, M. Timothy Elder, Gary Myers, Powell, Goldstein, Frazer & Murphy, Atlanta, Ga., George W. Phillips, Tampa, Fla., Dean C. Kowalchyk, Haas, Boehm, Brown, Rigdon, Seacrest & Fischer, Tallahassee, Fla., Lee L. Haas, Clearwater, Fla., Eurich Z. Griffin, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, Fla., Robert L. Williams, Venice, Fla., Jack H. Watson, Jr., Phillip H. Bradley, Virginia G. Morrow, Long, Aldridge & Norman, Atlanta, Ga., G. Yates Rumbley, Euganks, Hilyard, Rumbley, Meier & Lengauer, Orlando, Fla., and Edwin M. Walker, Nashville, Tenn., for defendants.

## ORDER

HODGES, Chief Judge.

This is a class action alleging securities law violations in connection with an $11.3 million bond issue. The cause is now before the Court on the Plaintiffs' motion for leave to amend the complaint.

The proposed amended complaint seeks to incorporate the "more definite statement" filed by the Plaintiffs on September 21, 1987 and to make certain additional factual allegations, to substitute the estate of Alan T. Barber pursuant to the Order entered March 11, 1987, to identify Defendant May Zima & Company as a partnership rather than a corporation, to identify Defendant Tyner and Williams as a professional association rather than a partnership and to name First Union National Bank of Florida as successor to Defendant Bank of Pasco County. The motion also seeks to add numerous additional parties. More specifically, the amended complaint seeks to add as defendants Robert Buchanan individually as a controlling person of Defendant Buchanan & Co., the partners of May Zima & Co. individually, a defendant class of the partners of Defendant Kutak, Rock & Huie, E.E. "Gene" Simmons individually as controlling person of Defendant E.E. "Gene" Simmons General Contractor, Inc., Howell N. Campbell individually as controlling person of Defendant W.N. Estes & Company, Inc. and Edward Lynn Wagner individually as controlling person of Defendant Bailey & Associates, Inc.

Generally, leave to amend pleadings "shall be freely given when justice so requires." F.R.Civ.P. 15(a). The Court will usually permit a plaintiff to amend the complaint and later test his claim on the merits unless the circumstances of the case clearly indicate that leave should be denied. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Among the circumstances which might result in denial of leave to amend are undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, undue prejudice to opposing parties and the futility of the amendment. *Id.*

To the extent that the motion seeks leave to add or alter factual allegations, the motion is due to be granted. Additionally, the Plaintiffs may formally amend the complaint to substitute the estate of Alan T. Barber pursuant to the Order dated March 11, 1987. However, certain defendants

contend that leave to correct the identification of defendants and to add additional parties should be denied. The defendants contend that amendment would be futile because the statute of limitations has expired and the amendment does not relate back pursuant to F.R.Civ.P. 15(c).

The 1934 Securities Exchange Act provides no specific statutory limitations period for actions brought under § 10 and Rule 10b–5. Accordingly, in this circuit the limitations period for the forum state cause of action most analogous to the federal securities claim is applied.[1] *Friedlander v. Troutman, Sanders, Lockerman & Ashmore*, 788 F.2d 1500, 1506 (11th Cir.1986). The closest Florida law counterpart to §§ 10 and 20 of the 1934 Act is the Florida Securities Act, Fla.Stat. §§ 517.011, et seq. *Byrne v. Gulfstream First Bank & Trust Co.*, 720 F.2d 686 (11th Cir.1983), *aff'd without opinion* 528 F.Supp. 692 (S.D.Fla. 1981), *Armbrister v. Roland International Corp.*, 667 F.Supp. 802, 823 (M.D.Fla. 1987). The appropriate statute of limitations to be applied to these claims, therefore, is Fla.Stat. § 95.11(4)(e). That section provides for a limitations period of two years for actions brought pursuant to Chapter 517 "with the period running from the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence, but not more than 5 years from the date such violation occurred."

■ The issue whether the initial complaint was filed within the limitations period is not presently before the Court. The Court deems it unnecessary to determine whether the motion for leave to amend the complaint was filed beyond the limitations period because the Court finds that the requested amendments "relate back" to the date the complaint was filed pursuant to F.R.Civ.P. 15(c).

In order for an amendment changing or adding a party against whom a claim is asserted to relate back to the date of the original pleading, the Court must first determine that the claim asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading. If so, it must then appear that the party to be added "(1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party." F.R.Civ.P. 15(c). The term "mistake" as used in Rule 15(c) is to be construed liberally. *Itel Capital Corp. v. Cups Coal Co., Inc.*, 707 F.2d 1253, 1258, n. 9 (11th Cir. 1983). Additionally, the party to be added must receive notice of the institution of the action, either formally or informally, within the limitations period. *Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986). Whether notice and knowledge during the limitations period were sufficiently present to permit relation back must be resolved individually with respect to each newly added defendant.

The Plaintiffs will be permitted to identify May Zima & Company as a partnership, to identify Tyner and Williams as a professional association and to name First Union Bank of Florida as the successor to the Defendant Bank of Pasco County and the amendments shall relate back to the date of the complaint. The new allegations raised in the proposed amended complaint arise out of the same transactions or occurrences alleged in the complaint. All of these entities received notice of the suit and knew or should have known they were being sued but were merely improperly identified. Clearly no prejudice will result to any of these defendants from the stated amendments.

The Plaintiffs also seek leave to add Robert Buchanan, E.E. "Gene" Simmons, How-

---

1. Some of the defendants argue that this Court should apply a limitations period of one year after the plaintiff discovers the facts constituting the violation, or in no event more than three years after the violation, as specifically provided in the 1934 Act for causes of action expressly created therein. This was the holding of the *en banc* Third Circuit decision *In re Data Access Securities Litigation*, 843 F.2d 1537 (3d Cir. 1988). This Court, however, is compelled to apply the law of the 11th Circuit as set forth in *Friedlander v. Troutman, Sanders, Lockerman*, 788 F.2d 1500 (11th Cir.1986).

ell N. Campbell and Edward Lynn Wagner as controlling persons of their respective defendant organizations. All of the allegations in the amended complaint with respect to these defendants arise out of the same transactions and occurrences alleged in the complaint. Additionally, none of these persons argue that they did not have notice of this action within the statutory period. Certain of these parties contend, however, that they were informed by counsel that they were not parties to the action and that they had no reason to believe that, but for the Plaintiffs' mistake, the action would have been brought against them.

Each of these parties are allegedly "controlling persons" of named defendant entities. In Count II, the plaintiffs allege that certain parties were in positions of control or authority with respect to other defendant entities responsible for 10b–5 violations. Although none of these individuals were named in Count II, the Court finds that each of them should have known that, but for the mistake[2] of the Plaintiffs, they would have been sued. The allegations of the amended complaint with respect to Messrs. Buchanan, Simmons, Campbell and Wagner relate back to the filing of the complaint.

■ The Plaintiffs also seek leave to add a defendant class consisting of partners of defendant Kutak, Rock & Huie who were partners at the time of the alleged wrongful acts. In paragraph 20 of the original complaint, the Plaintiffs state, "[B]y naming the Kutak firm, Plaintiffs intend to sue herein the Kutak firm as constituted in June, 1982 and its partners at that time ... including any successor partnerships or corporations." The Court finds that the addition of a defendant class of Kutak partners is superfluous in light of paragraph twenty and that the amendment would unduly complicate an already complicated class action litigation. The Plaintiffs state that they have been unable to obtain the names of the relevant Kutak partners through discovery. The Plaintiffs may seek leave to amend when they learn those names. To the extent that Plaintiffs seek to add a defendant class of Kutak partners, however, the motion is due to be denied.

Finally, the Plaintiffs seek leave to sue individual partners of May Zima & Co. As discussed *supra*, the complaint identified May Zima & Co. as a corporation, when, as subsequently discovered, May Zima is a partnership. Again, the amended allegations against May Zima do not stray from the transactions or occurrences described in the complaint. Similarly, the May Zima partners do not contend that they were without notice of the initiation of this lawsuit within the statutory period. The Court finds that these individual partners knew or should have known that, but for the Plaintiffs' error, they would have been named in the individual complaint. This is especially true in light of those paragraphs of the complaint which name other partnerships and state that by naming the partnership the Plaintiffs intend to sue those individuals who were partners in June, 1982. The allegations against individual May Zima partners relate back to the date the complaint was filed.

Upon due consideration, therefore, the motion for leave to amend the complaint is GRANTED IN PART. To the extent the motion seeks leave to add a defendant class of Kutak, Rock & Huie partners, the motion is DENIED. In all other respects, the motion is GRANTED.

IT IS SO ORDERED.

DONE and ORDERED.

---

2. See *Itel Capital Corp. v. Cups Coal Co., Inc.,* 707 F.2d 1253, 1258, n. 3 (11th Cir.1983).