**Lori KING, Plaintiff,**

v.

**Joe M. GANDOLFO and Joe Gandolfo & Associates, Defendant.**

No. 89–398–CIV–T–17(C).

United States District Court,
M.D. Florida,
Tampa Division.

June 6, 1989.

James A. Gustino, Burt and Gustino, P.A., and Edmund T. Baxa, Jr., Swann and Haddock, P.A., Orlando, Fla., for plaintiff.

John R. Kiefner, Jr. and Clifford J. Hunt, Riden & Earle, P.A., St. Petersburg, Fla., for defendant.

## ORDER

KOVACHEVICH, District Judge.

This cause is before the Court on Defendant's motion to dismiss and Plaintiff's response thereto. Defendant moves to dismiss all counts of Plaintiff's complaint. Each count is dealt with separately below.

■■■ A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

## I. The 10b–5 Claim

In Count I of her complaint, Plaintiff asserts a securities fraud claim under Section 10 of the 1934 Securities Exchange Act (1934 Act) and SEC Rule 10b–5. This complaint was filed on March 28, 1989. In her complaint, Plaintiff states that she first learned of the risk to her investments in May 1986, i.e., she learned of the poor quality of the breeding stock and of the falsity of the representations previously made to her. (Complaint at paragraph 23). The 1934 Act furnishes no statutory limitations period for actions alleging violations of Section 10b–5. Accordingly, the Eleventh Circuit has held that Federal Courts must apply the limitations period of the forum state most analogous to the Federal Securities Exchange Act. *Friedlander v. Troutman, Sanders, Lockerman & Ashmore*, 788 F.2d 1500, 1506 (11th Cir.1986).

■■■ When Florida is the forum state, the proper limitations period to apply to these claims is the limitations period prescribed in the Florida Securities and Investor Protection Act, Fla. Stat. §§ 517.011, et seq. *Armbrister v. Roland International Corp.*, 667 F.Supp. 802, 823 (M.D.Fla.1987); citing *Byrne v. Gulfstream First Bank & Trust Co.*, 720 F.2d 686 (11th Cir.1983), *aff'd without opinion*, 528 F.Supp. 692 (S.D.Fla.1981).

This limitations period is set forth at Fla. Stat. § 95.11(4)(e), which provides in pertinent part:

Actions other than for recovery of real property shall be commenced as follows:

.    .    .    .    .

(4) WITHIN TWO YEARS—

.    .    .    .    .

(e) An action founded upon a violation of any provision of chapter 517, with the period running from the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of reasonable dil-

igence, but not more than 5 years from the date such violation occurred.

Based on the two year statute of limitations, the events in question would have had to have occurred on or after March 28, 1987, to be actionable in this cause. Taking the pleadings alone, here the complaint, it is clear that the events giving rise to the cause of action occurred prior to that date. Plaintiff's complaint is unequivocal that she discovered the facts giving rise to this action in May 1986. Therefore, as to count 1, the motion to dismiss will be granted. This resolution of the statute of limitations question renders consideration of Defendant's Rule 19 concerns unnecessary, since these concerns are raised in connection with the 1934 Securities Exchange Act, and that act will not apply.

## II. The Civil RICO Claim

■ Defendant also moves to dismiss Plaintiffs claim for damages under Federal RICO provisions, 18 U.S.C. §§ 1961 et seq. In support of this motion Defendant makes several arguments. First, Defendant contends that Plaintiff's complaint lacks the particularity required by Fed.R.Civ.P. 9(b). Fraud must be pled in detail, and the alleged predicate acts are acts of fraud. Next, Defendant asserts the position that RICO claims are unavailable in garden variety securities fraud disputes. In support of this assertion, Defendant cites *Divco Construction & Realty Corp. v. Merrill Lynch, Pierce & Smith, Inc.,* 575 F.Supp. 712 (S.D.Fla.1983). Finally, Defendant argues that, since RICO was enacted to combat organized crime, "the Court should not take upon itself the authority to expand legislation beyond its stated and unquestioned purpose," and that in any event there is no pattern of activity involved.

This Court is appreciative of Defendant's effort to maintain the proper roles among the three co-equal branches of government thus avoiding encroachment of one branch onto the province of another. But this concern is unwarranted. Defendant's fears about judicial overreaching should be allayed by *Sedima, S.P.R.L. v. Imrex Company, Inc.,* 473 U.S. 479, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985).

The Court in *Sedima,* in a thoughtful opinion by Justice White, determined that the scope of Federal RICO is not limited to the stereotypical mobster, nor did Congress intend the provisions to be so limited.

Instead of being used against mobsters and organized criminals, it has become a tool for everyday fraud cases brought against "respected and legitimate enterprises." *United States v. Turkette,* 452 U.S. 576 [101 S.Ct. 2524, 69 L.Ed.2d 246] (1981). Yet Congress wanted to reach both "legitimate" and "illegitimate" enterprises.... The former enjoy neither an inherent incapacity for criminal activity nor an immunity from its consequences.

*Sedima, supra,* at 498, 105 S.Ct. at 3286.

This Court is not at liberty to *restrict* legislation passed by Congress so as to do violence to the plain language of the statute, in direct countervention of binding United States Supreme Court authority.

■ Defendant's contention that Plaintiff's allegations lack the requisite specificity under Rule 9 is also without merit. Rule 9 must be read in harmony with rule 8, which simply requires the plaintiff to make a short and plain statement of the claim entitling him to relief. *Friedlander v. Nims,* 755 F.2d 810 (11th Cir.1985). The object of Rule 9 is to insure that the plaintiff provides a description of the claim sufficient to permit the defendant to intelligently answer the complaint. Plaintiff's complaint in the instant litigation sufficiently informs Defendant of the underlying claim so that Defendant may frame an answer.

■ Nor can this Court agree that Plaintiff has failed to allege facts which would establish a pattern of racketeering activity. Plaintiff has alleged instances of securities, mail, and wire fraud by ITBA, an entity with whom Plaintiff claims Defendant was "associated" within the meaning of 18 U.S. C. § 1962(c). Count 2 of Plaintiff's complaint is properly before this Court.

## III. The Florida RICO Claim

■ Plaintiff brings Count 3 of her complaint pursuant to Chapter 772, Fla. Stat.,

the Florida counterpart to civil RICO. Defendant bases his motion to dismiss on lack of Federal subject matter jurisdiction. Anticipating the dismissal of Counts 1 and 2, Defendant argues that Plaintiff's state law claims may no longer be heard under the Court's pendent jurisdiction. Further, he challenges Plaintiff's assertion of diversity jurisdiction, arguing that the amount in controversy is limited to the consideration Plaintiff paid for Defendant's advice.

This Court's refusal to dismiss Count 2 of Plaintiff's complaint based on Federal law vitiates Defendant's argument with respect to pendent claims. But the assertion that this Court would otherwise lack the power to hear this case raises a question regarding the nature of diversity jurisdiction which deserves comment.

Pursuant to 28 U.S.C. § 1332, at the time of the filing of this claim, this Court has subject matter jurisdiction over all civil actions between citizens of different states where the amount in controversy, exclusive of interest and costs, exceeds $10,000.00. Plaintiff in her complaint claims actual damages in excess of $200,000.00. She claims to have lost this amount of money through the fault of Defendant. Defendant contends, however, that Plaintiff's damages must be limited to the $1,000.00 consideration given in exchange for Defendant's services. This contention is without merit. Plaintiff is clearly entitled to any consequential damages she can prove. The amount in controversy requirement of § 1332 is satisfied. *Etheridge v. Piper Aircraft Corp.*, 559 F.2d 1027 (5th Cir. 1977). This Court will not try the issue of damages on a motion to dismiss.

IV.  Common Law Negligence, Breach of Fiduciary Duty Common Law Fraud, Unfair Trade Practices Misleading Advertising

Defendant, again relying on dismissal of all federal claims, argues that this Court lacks jurisdiction to hear remaining pendent claims. Since this Court has retained jurisdiction over the federal RICO count, this argument fails. The argument also fails because of the presence of diversity jurisdiction, as noted above.

With respect to each of the claims raised by Plaintiff in Counts 4, 6, 8 and 9 of her complaint, this Court is not prepared to say that Plaintiff can prove no set of facts upon which she would be entitled to relief. Accordingly, it is

ORDERED and ADJUDGED that the motion to dismiss the Plaintiff's complaint be GRANTED insofar as Count 1 of the complaint be DISMISSED, and DENIED in all other respects.

DONE and ORDERED.